UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DOUGLAS OAKLEY and NEILL RINKER**, on behalf of themselves and a similarly situated class,<br><br>**Plaintiffs,**<br><br>v.<br><br>**REMY INTERNATIONAL, INC.,**<br><br>**Defendant.** | Case No.:_____<br>**Class Action** |

**COMPLAINT AND JURY DEMAND**

Plaintiffs Douglas Oakley and Neill Rinker, (the "Class Representatives"), on behalf of themselves and all similarly situated persons in the proposed class described in this Complaint, by and through their undersigned attorneys, complain against the Defendant Remy International, Inc. ("Remy") as follows:

1. This action is brought as a class action by the Class Representatives on behalf of themselves and a similarly situated class of retired employees of the Remy Company and surviving spouses and dependants pursuant to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

2. Count I is brought under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks damages for breach of a collective bargaining agreement as well as injunctive relief.

3. Count II is brought under §502(a)(1)(B) of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits under an employee welfare benefit plan.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction over Count I under §301 of the LMRA, 29 U.S.C. §185. This Court has jurisdiction over Count II under §502(a)(1)(B), §502(a)(3), §502(c)(1), and §502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(a)(3), §1132(c)(1), §1132(f), and applicable federal common law. Venue in this judicial district is proper under §301 of the LMRA, 29 U.S.C. §185, and §502(e)(2) and §502(f) of ERISA, 29 U.S.C. §1132(c)(2) and §1132(f).

## PARTIES

5.	Defendant Remy is a Delaware corporation with its principal offices in Pendleton, Indiana, formerly known as Delco-Remy America, Inc. Remy has manufacturing facilities in Anderson, Indiana and Taylorsville, Mississippi.

6.	Class Representative Douglas Oakley resides at 175 Oak Lane, Rickman, Overton County, Tennessee. He retired from employment with Defendant Remy at the Anderson Indiana plant in June 1, 2001. During Mr. Oakley's employment with Remy, he was represented in collective bargaining by International Union, United Automobile, Aerospace & Agricultural Implement Workers (hereinafter "UAW") and UAW Local 662.

7.	Class Representative Neill Rinker resides at 524 Bermillion, Anderson, Madison County, Indiana. He retired from employment with Defendant Remy at the Anderson Indiana plant on April 1, 2003. During Mr. Rinker's employment with Remy, he was represented in collective bargaining by International Union, United Automobile, Aerospace & Agricultural Implement Workers (hereinafter "UAW") and UAW Local 662.

## CLASS ACTION ALLEGATIONS

8. The Class Representatives bring a class action on behalf of themselves and other similarly situated former employees of Remy who retired from Remy on or after January 1, 1999, and who, as employees, were represented by the UAW in collective bargaining, and surviving spouses and dependants of those former employees.

9. The exact number of members of the Class identified in the preceding paragraph is not presently known, but upon information and belief includes more than 50 retirees and surviving spouses, and is therefore so numerous that joinder of individual members in this action is impracticable.

10. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class. The relief sought is common to the entire Class, as set forth below in Counts I, II, and III of this Complaint.

11. The claims of the Class Representatives are typical of the Class they represent, in that the Class Representatives claim that Remy is obligated to provide all members of the Class, including the Class Representatives, with the same collectively bargained plan of retiree health plan benefits. There is no conflict between any Class Representative and other members of the Class with respect to this action.

12. The Class Representatives are the representative parties for the Class, and are able to and will fairly and adequately protect the interests of the Class.

13. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA.

14. Remy has acted on grounds generally applicable to the Class, thereby making final

injunctive relief or corresponding injunctive relief appropriate with respect to the Class as a whole.

15.  This action is properly maintained as a class action in that the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudication, or would substantially impair or impede their ability to protect their interests.

## COUNT I

## VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

16.  Plaintiffs re-allege and incorporate by reference the above paragraphs as though fully set forth in this Count I.

17.  The UAW is a labor organization as defined in §2(5) of the National Labor Relations Act, 29 U.S.C. §152(5).

18.  Prior to their retirement, the UAW represented the Class Representatives and other members of the Class in the negotiation of collective bargaining agreements.

19.  Prior to September 1994 the Class representatives and other members of the class were employed by General Motors Starter and Generator division; the division was sold to Delco-Remy America who assumed the terms of the 1993 GM-UAW National Agreement. The Memorandum of Understanding controlling this is attached hereto as Exhibit 1.

20.  The UAW and General Motors and subsequently Remy negotiated a series of collective bargaining agreements that obligate Remy to provide vested lifetime retiree health care benefits and life insurance benefits to the Class Representatives and Class members. The 1997 Agreement between Delco-Remy America, Inc. and the UAW is attached as Exhibit 2, and the

Supplemental Agreements covering UAW-Delco Remy America Health Care Program, Life and Disability Benefits Program and Exhibit B thereto are attached as Exhibits 3 and 4 respectively.

21. In October 2009, Remy notified Class Representatives Douglas Oakley and Neill Rinker, and, upon information and belief, the retirees and surviving spouses of retirees who are members of the Class, that it intended to eliminate their retiree healthcare program and life insurance benefits on December 31, 2009.

22. Douglas Oakley and Neill Rinker and, upon information and belief, the retirees and surviving spouses of retirees who are members of the class, were offered a program titled the Voluntary Retiree Reimbursement Account Plan ("VRAAP") which would reimburse the retiree's eligible medical expenses up to $25,000 and $12,500 for an enrolled spouse, on the condition that the retirees sign and return a release agreement by November 6, 2009. The letter and information sent are attached hereto as Exhibit 5.

23. Remy's elimination of the health care and life insurance benefits to the Class Representatives and Class members is a breach of its contractual obligation to provide vested lifetime retiree health care benefits to the Class Representatives and Class members.

24. Remy's breach of its contractual obligations as set forth in this Count has caused the Class Representatives and other Class members monetary damages.

## COUNT II

## VIOLATION OF ERISA PLAN

25. Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count II.

26. Remy was at all relevant times the relevant "employer" within the meaning of §3(5)

of ERISA, 29 U.S.C. §1002(5).

27.     The collectively bargained health care plan described in paragraph 20 of this Complaint is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).

27.     Remy is or was at relevant times the "plan sponsor" and/or "administrator" of the employee welfare benefit plan, within the meaning of §3(16)(A)-(B) of ERISA, 29 U.S.C. §1002(16)(A)-(B).

28.     The Class Representatives and Class members are "participants" in the employee welfare benefit plan, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

29.     The terms of the employee welfare benefit plan require Remy to provide vested lifetime retiree health care benefits to the Class Representatives and Class members.

30.     Remy's elimination of the retiree health care benefits effective December 31, 2009 of the Class Representatives and other Class members are violative of the terms of the employee welfare benefit plan and breach Remy's obligations under the employee welfare benefit plan.

## COUNT III

### BREACH OF ERISA FIDUCIARY DUTIES

31.     Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count III.

32.     Remy was at all times a fiduciary with respect to the "employee welfare benefit plan" described in Count II of this Complaint.

33.     Under Section 404 of ERISA, Remy was obligated as a fiduciary to act solely in the interests of the participants and beneficiaries of the plan described in Count II.

34.     Remy, in violation of its fiduciary duties under Section 404 of ERISA, coerced class members to sign releases with respect to their vested retiree health care and life insurance benefits, failed to permit adequate time for class members to consider the release papers presented to class members, and failed to disclose material information to class members with respect to their rights to retiree health care and life insurance benefits.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter a declaratory judgment that Remy is obligated under the LMRA and ERISA to provide vested lifetime retiree health care benefits to the Class Representatives and Class members as set forth in the applicable collective bargaining agreements.

B.      Enter preliminary and permanent injunctive relief requiring Remy to maintain the level of retiree health care benefits in effect prior to the December 31, 2009 elimination, as required by the terms of the applicable collective bargaining agreements.

C.      Determine that Remy violated its fiduciary duties as alleged in Count III, and that releases signed by any class members with respect to their retiree health care and life insurance benefits are invalid and unenforceable.

D.      Order Remy to pay damages, plus interest, to the Class Representatives and other members of the Class for any losses incurred as a result of its elimination of the retiree health care benefits.

E.      Award Plaintiffs attorney's fees, punitive damages, and costs incurred of this action.

F.      Grant such further relief as may be deemed necessary and proper.

**JURY DEMAND**

Plaintiffs demand a jury trial of all issues so triable.

                Respectfully submitted,

                /s/ Samuel Morris
                Samuel Morris (TN # 12506)
                Lesley Gunther (TN # 23661)
                Godwin, Morris, Laurenzi & Bloomfield, P.C.
                50 North Front St., Suite 800
                P.O. Box 3290
                Memphis, TN 38173
                (901) 528-1702
                smorris@gmlblaw.com

Dated: October 29, 2009